Bell, J.
 

 The all important question in this case is whether the Court of Appeals, when it modified a judgment in the amount of $10,500 by reducing it to four dollars upon the ground that, to the extent the judgment exceeded four dollars, it was excessive and not sustained by any evidence, usurped the functions of the jury.
 

 The jurisdiction of Courts of Appeals is fixed by the Constitution. Section 6 of Article IV provides in part as follows:
 

 
 *544
 
 “The Courts of Appeals shall have * * * appellate jurisdiction * * * to review, affirm,
 
 modify,
 
 or reverse the judgments of the Courts of Common Pleas * * * within the district as may be provided by law.” (Italics ours.)
 

 The instant case was before the Court of Appeals upon an appeal upon questions of law.
 

 Section 12223-1, General Code, provides in part:
 

 “2. The [words] Appeal on questions of law’ shall be construed to mean a review of a cause upon questions of law including the weight and sufficiency of the evidence and shall include all the proceedings heretofore and otherwise designated in the General Code as proceedings in error.”
 

 In the case of
 
 Chester Park Co.
 
 v.
 
 Schulte, Admr.,
 
 120 Ohio St., 273, 166 N. E., 186, the following principle of law was established:
 

 “In an action for unliquidated damages neither the trial court nor any reviewing court has the power to reduce the verdict of a jury or to render judgment for a lesser amount without the consent of the party in whose favor the verdict was rendered to such reduction.”
 

 This record makes clear that the Court of Appeals, upon an appeal on questions of law alone, retried the cause upon the facts and substituted its judgment for the judgment of the trial court and the jury. The recitations of the journal entry disclose that the Court of Appeals’ view of the evidence was totally different from that of the trial court. Under such circumstances the Court of Appeals should have followed either one of two alternatives: (1) Reversed the judgment of the Court of Common Pleas and remanded the cause for retrial; or (2) ordered that unless the plaintiff consented to a remittitur in an amount fixed by the court, the judgment would be reversed.
 

 In re Estate of Johnson,
 
 142 Ohio St., 49, 49 N. E.
 
 *545
 
 (2d), 950, is the latest pronouncement of this court upon the question here presented.
 

 In that case the Probate Court of Cuyahoga county allowed counsel fees in the sum of $22,325 for certain services in connection with the estate of Thompson H. Johnson, deceased.
 

 An appeal was perfected on questions of law and fact. The Court of Appeals dismissed the appeal on questions of fact and reviewed the cause on questions of law. The judgment of the Probate Court was reversed as to the allowance of attorney fees and a judgment therefor in the sum of $17,000 was entered by the Court of Appeals.
 

 Chief Justice Weygandt writing for this court used this language:
 

 “However, the fundamental and decisive principle here involved is that under the provisions of Section 6, Article IV of the Constitution of Ohio a Court of Appeals does not have jurisdiction to retry a cause on an appeal on questions of law alone.”
 

 The
 
 Chester Parle
 
 and
 
 In re Johnson cases, supra,
 
 are dispositive of the instant case. However, because this case may probably be retried, -we deem it essential to briefly discuss one other finding of the Court of Appeals,
 
 i. e.:
 
 “The Court of Common Pleas erred in submitting to the jury the question of the value of plaintiff-appellee’s Almalac business and in failing to instruct the jury as a matter of law that the plaintiffappellee’s Almalac business had no value.”
 

 The plaintiff was permitted to give in evidence his opinion of the value of his business. The Court of Appeals held that this evidence was inadmissible, that there was no evidence of market value and therefore the plaintiff’s business was of no value.
 

 The rule as to value in this class of cases is stated in 20 American Jurisprudence, 339, Section 372, thus:
 

 “Where personal property is without market value,
 
 *546
 
 then the law allows the next best evidence to be given to ascertain its value. In such cases, evidence as to cost and other considerations which may affect value or which tend to show its worth, actual, real, or intrinsic, is admissible.”
 

 McCormick on Damages (Hornbook Series), page 170, states the rule as follows:
 

 “The rule that the market value is the measure of damages for the wrongful conversion of personal property is subordinate to the fundamental rule that the owner must be fully compensated.”
 

 The general rule as deduced from the authorities may be stated thus:
 

 Market value is the standard which the courts insist on as a measure of direct property loss, where it is available, but that is a standard not a shackle. When market value cannot be feasibly obtained, a more elastic standard is resorted to, sometimes called the standard of value to the owner. This doctrine is a recognition that property may have value to the owner in exceptional circumstances which is the basis of a better standard than what the article would bring in the open market.
 

 The Ohio rule is stated in 17 Ohio Jurisprudence, 473, Section 379:
 

 “It is established in Ohio that the owner of personal property, because of such ownership, has a sufficient knowledge of its value to be qualified to give an opinion thereon which will be some evidence of the actual value, though not conclusive. The rule is especially applicable where the property may have a peculiar worth to plaintiff.
 

 “If a man may testify as to the value of his visible property, he may testify as to the value of his invisible property with equal or even greater propriety, because in the latter case it would be difficult to get any other testimony. ”
 

 
 *547
 
 We think that the owner of the cultures (plaintiff) was qualified to give his opinion of the value of the property involved.
 

 It- follows that the judgment of the Court of Appeals should be and hereby is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.
 

 ■Judgment reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Williams and Turner, JJ., concur.