LEWIS, APPELLEE, *v.* ARCADE GARAGE, INC., APPELLANT.
LEWIS, APPELLANT, *v.* ARCADE GARAGE, INC., APPELLEE.

(Nos. 3915 and 3918—Decided May 21, 1948.)

*Mr. Raymond J. McGowan* and *Mr. Paul C. Laybourne,* for appellee and appellant, Fred Lewis.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellant and appellee, Arcade Garage, Inc.

STEVENS, J. Plaintiff filed his action in the Court of Common Pleas of Summit county, Ohio, seeking to recover damages for personal injuries allegedly sustained by him when he fell into a grease pit maintained by defendant in its garage.

The petition alleged that defendant was the operator of a garage, wherein were located three grease pits 18 feet long, 6 feet wide and 5 feet deep; that on the evening of April 9, 1944, plaintiff left his auto with defendant to be parked during the night; that on the morning of April 10, 1944, plaintiff went to said garage and asked one of defendant's authorized employees for his automobile; that plaintiff was told by said employee that his automobile was parked on the first floor, along the northerly side of said garage, and was directed to get his own automobile; that in pursuance of the direction of said employee, plaintiff pro-

ceeded to walk, toward the place where said automobile was located, when, suddenly and without warning, he walked into one of said grease pits and was precipitated to the bottom thereof; that plaintiff extricated himself from said pit, and, in attempting to walk away from the same, walked into another of said grease pits, and was violently precipitated to the bottom of same and was seriously injured.

Defendant was charged with negligence as follows: "In failing and neglecting to provide a rail or barrier at the entrance of said grease pits; in failing to warn or in any manner apprise plaintiff of the existence of said grease pits * * * or the absence of any rail or barrier at the entrance to said grease pits; in failing to maintain adequate light and illumination * * *; in causing, permitting and allowing the first story and floor of said parking garage to be and remain in said dangerous and unsafe condition to plaintiff while lawfully walking therein."

Defendant, for answer, admitted its operation of the garage, the existence and location of the grease pits, and that plaintiff on the morning of April 10, 1944, was found in one of said pits in an injured condition; it denied generally the allegations of the petition not admitted, and pleaded contributory negligence of plaintiff as a separate defense.

The cause proceeded to trial upon these pleadings, and, upon submission to the jury, a verdict for plaintiff in the amount of $25,000 was returned.

Motions for judgment notwithstanding the verdict and for a new trial were filed, and overruled by the trial court; on December 30, 1947, the court entered judgment for the plaintiff for $500, without the consent of plaintiff.

The reasons for the entry of a $500 judgment after

the return by the jury of a single verdict for plaintiff for $25,000 are set forth in the "finding" of the trial court, as follows:

"Minds might reasonably differ on the question of his invitation to go on the premises and get his car. Minds might reasonably differ as to whether or not in going out there in the first instance unfamiliar with the circumstances whether he used ordinary care but minds cannot reasonably differ that after falling into the pit and clambering out that a reasonable person would take some precaution and would remember that precaution because he says that he was jolted up and remembers that that was his reason for going over and sitting down on another automobile. He remembers that very distinctly and he would remember very distinctly if he had reached out and felt a hole with his foot. So obviously he did not reach out with his foot, nor did he strike a match to see a hole, nor did he call the attendant, nor did he return over the safe route by which he had arrived at this spot, nor did he do anything whatsoever even though he was confronted with the knowledge of a very concrete form that the place was dangerous.

\* \* \* \* \*

"The court having found that the first fall was a happening concerning which minds might reasonably differ as to the existence of contributory negligence, must leave as much of the verdict stand as would compensate for the injuries where the jury has found upon issues concerning which minds cannot reasonably differ that the defendant was guilty of negligence and that there was no preponderance that the plaintiff was guilty of contributory negligence and as to these injuries the court assesses them to be in the sum of five hundred dollars ($500).

"As to the other injuries concerning which the jury included likewise and concerning which the court has said that minds could not reasonably differ but what those injuries were directly and proximately caused by the plaintiff's own negligence that the jury having included those injuries they did so because they misunderstood the charge or because they found manifestly against the weight of the evidence as to that conduct about which minds cannot reasonably differ.

"Such conduct of taking no precaution and exercising no care was contributory negligence that directly and proximately produced the greater part of and the greater severity of the injuries which the jury must have included erroneously in the sum total in their idea of what the compensable damages of the plaintiff were."

After the entry of the judgment for plaintiff for $500, plaintiff duly appealed on questions of law in case No. 3918, and defendant duly appealed on questions of law in case No. 3915. Both appeals were heard and submitted together in this court.

In case No. 3915, defendant (appellant) assigns as error, that the court erred:

1. In overruling the motions of defendant for a directed verdict at the conclusion of plaintiff's evidence and at the conclusion of all the evidence.

2. In overruling the motion of defendant for judgment notwithstanding the verdict.

3. In overruling the motion of defendant for a new trial.

In case No. 3918, plaintiff (appellant) assigns this error:

The trial court had no power to completely nullify the constitutional rights of a person to a jury trial by reducing a substantial verdict to a relatively small

amount, and then, without the consent of the plaintiff, enter judgment on the same as so modified.

This appellant then asserts that the verdict is amply supported by substantial evidence of negligence on the part of the defendant, and requests that this court enter judgment on the verdict, as it is alleged the trial court should have done.

The evidence herein is in dispute as to whether plaintiff was told by defendant's employee to get his own car on the morning in question, so, as to the relationship existing between plaintiff and defendant, whether invitee, licensee, or trespasser, that was a question properly submissible to the jury, as was done by the trial court.

Whether or not the defendant was negligent in any of the respects charged in the petition was also a question of fact properly submissible to the jury, under all the facts and circumstances shown by this evidence.

Upon the question of contributory negligence of plaintiff on the occasion of his first fall into the grease pits, we are of the opinion that the evidence was such as precluded resolution of that question as a matter of law, and required submission thereof to the jury, as was done.

The question of plaintiff's contributory negligence when he fell into the grease pits a second time is somewhat more difficult. The evidence shows that, as a result of plaintiff's first fall, while he was not seriously hurt, he was shaken up and "groggy." He would then be required to exercise ordinary care for his own safety, taking into consideration all the surrounding circumstances. He had just been precipitated into the grease pit, had looked around him and discovered the way to get out of the pit. In such looking around he must, of necessity, have observed the character and

extent of the pits, and that they were unlighted. Yet,. despite this knowledge, he so conducted himself as to again fall into said pits, and this time with serious. results to himself.

Whether plaintiff exercised that degree of care for his own safety which a reasonably prudent individual under the same or similar circumstances would have exercised, before and on the occasion of his second fall into the grease pit, was, under all of the facts and circumstances here present, a question for the jury.

Such conclusions require the decision that the trial court did not prejudicially err in refusing to sustain defendant's motions for directed verdicts, or for judgment notwithstanding the verdict.

We come now to the defendant-appellant's claim regarding the overruling of its motion for a new trial.

At the time of passing upon that motion, the court had before it a verdict of the jury as follows:

"* * * We, the jury, being duly impaneled and sworn,. find the issues in this case in favor of the plaintiff, and assess the amount due to the plaintiff from the defendant, the said Arcade Garage, at the sum of $25,000.

"And we do so render our verdict upon the concurrence of nine members of our said jury, that being three-fourths or more of our number. * * *"

There is no way in which the trial court could know what, if any, compensation was allowed plaintiff for the injuries sustained by him in the first fall. Likewise, it was impossible for the court to determine what damages were awarded for the injuries proximately caused by the second fall. There were no interrogatories propounded to the jury which would elicit information upon those questions, and there was but the single verdict, above set forth.

If the trial court, after the return of the jury's verdict, was of the opinion that it should have resolved the question of plaintiff's contributory negligence as a matter of law, in so far as the second fall was concerned, or if it was of the opinion that the jury's finding was manifestly against the weight of the evidence, as is indicated by the "finding" of the court, then the court should have corrected those situations by granting a new trial on defendant's motion therefor.

In overruling defendant's motion to set aside the verdict of the jury, and for a new trial, the court erred.

Next to be considered is the plaintiff-appellant's assignment of error in case No. 3918, involving the reduction of the jury's verdict from $25,000 to $500 by the trial court, without the consent of the plaintiff, and the entering of judgment for $500.

By what legal right did the trial court thus attempt to substitute its judgment for the judgment of the jury?

There is no authority therefor cited in its "finding," nor have we been able to find any authority in Ohio which permits a trial court, in an action for unliquidated damages, to reduce the verdict of a jury, or to render judgment for a lesser amount, without the consent of the party in whose favor the verdict was rendered to such reduction.

On the contrary, we do find the following statements by the Supreme Court of Ohio in *Chester Park Co.* v. *Schulte, Admr.,* 120 Ohio St., 273, 166 N. E., 186:

"1. In an action for unliquidated damages neither the trial court nor any reviewing court has the power to reduce the verdict of a jury or to render judgment for a lesser amount without the consent of the party

in whose favor the verdict was rendered to such reduction.''

''4. Neither the trial court nor any reviewing court has power or authority to reduce a verdict *on any grounds* without the assent of the prevailing party, unless the undisputed testimony shows an error in mathematical calculation.'' (Italics ours.)

This case has been followed with approval in *In re Estate of Johnson,* 142 Ohio St., 49, 49 N. E. (2d), 950, and *Bishop* v. *East Ohio Gas Co.,* 143 Ohio St., 541, 56 N. E. (2d), 164.

We cannot escape the conclusion that the trial court was not only without legal authority for the unusual procedure followed by it, but that such procedure patently contravened the express rules governing such situations announced by the Supreme Court of Ohio, *supra.*

The entering of judgment for plaintiff for $500, after the return of a verdict for plaintiff by the jury in the amount of $25,000, without plaintiff's consent thereto, was prejudicially erroneous, and requires a reversal of the judgment.

In our opinion, the situation here presented does not admit of the entry of a judgment for plaintiff by this court.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and HUNSICKER, J., concur.