OPINION
Plaintiff-appellant appeals from the October 23, 1998, Entry of the Lancaster Municipal Court affirming the Magistrate's August 27, 1998, Findings of Fact, Conclusions of Law, and Decision.
 STATEMENT OF THE FACTS AND CASE
On or about October of 1997, appellant took his 1987 Ford truck, which was not running at the time, to a garage owned by appellee for repairs. Appellee was to install a new fuel pump in the truck. While appellant's truck was stored in appellee's garage, a fire in the garage caused by a kerosene lamp destroyed appellant's vehicle Appellant, on January 14, 1998, filed a complaint against appellee in the Small Claims Division of the Lancaster Municipal Court alleging that appellee's negligence was the proximate cause of the destruction of appellant's truck and the parts that were inside the truck at the time of the fire. Appellant demanded judgment against appellee in the amount of $3,000.00 as compensation. On February 17, 1998, appellee filed a counterclaim against appellant, alleging that the fire in his garage was proximately caused by fumes from a leaking fuel tank in appellant's truck that were ignited by a fire in a kerosene heater. According to appellee, appellant had not advised him that the fuel tank was leaking. Appellee, as compensation for the destruction of his garage and its contents, demanded judgment against appellant in the amount of $2,999.99 plus interest at the rate of 10% per annum from October 28, 1997, and court costs. A hearing before Magistrate Frank W. Green was held on April 1, 1998. Both parties filed post hearing briefs on April 8, 1998. The Magistrate's Findings of Fact, Conclusions of Law, and Decision was filed on August 27, 1998. Pursuant to such decision, the Magistrate found that although appellee's negligence was the proximate cause of the fire that destroyed appellant's truck, appellant had failed to meet his burden of proving damages by a preponderance of the evidence and, therefore, was not entitled to recover. The Magistrate further found that appellee was not entitled to recover damages for the loss of his garage and its contents since appellee's negligence was the proximate cause of the fire. (The Magistrate found "it was undisputed that [appellee] knew that the fuel tank was leaking on his garage floor at least eight hours prior to the fire . . ." The Magistrate also found that appellee admitted that when appellee discovered the fuel leak, he quit working on the truck because it was too dangerous.) Based on the foregoing, the Magistrate determined that both appellant's complaint and appellee's counterclaim should be dismissed with prejudice. Objections to the Magistrate's Findings of Fact, Conclusions of Law, and Decision were filed by appellant on September 10, 1998. However, no transcript of the April 1, 1998, hearing or affidavit as provided for in Civil Rule 53(E)(3)(b) were filed by appellant. A Memorandum in Response to the Objections was filed by appellee on September 22, 1998. Appellee, in his memorandum, pointed out appellant's failure to include either a transcript or an affidavit. Two days thereafter, appellant filed a Motion for Leave to File Amended Objections to the Magistrate's Decision seeking, pursuant to Civil Rule 15(A), "to amend his objections so as to include an Affidavit regarding the evidence presented at the hearing." Leave to File the Amended Objections was granted pursuant to an Order filed on September 24, 1998, and both the Amended Objections and the Affidavit of Appellant's counsel were filed on the same day. Appellant, on September 28, 1998, filed a "Notification of Effort to Obtain Transcript of Hearing held April 1, 1998 "in which he indicated that the court reporter had told him that it would take approximately two months to get a transcript. The Magistrate, on September 29, 1998, filed a response to appellant's objections. Thereafter, Appellee, on October 7, 1998, filed a Memorandum in Response to Appellant's Amended Objections. The trial court, pursuant to an entry filed on October 23, 1998, affirmed the Magistrate's Findings of Fact, Conclusions of Law and Decision after reviewing the objections and amended objections to the same. It is from the October 23, 1998, entry that appellant prosecutes this appeal, raising the following assignments of error:
 1. THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE TESTIMONY OF THE OWNER OF THE VEHICLE AS TO THE VALUE OF THE VEHICLE IN DETERMINING PROOF OF DAMAGES.
 2. THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE TESTIMONY AND DOCUMENTARY EVIDENCE REGARDING AUTOMOBILE PARTS INCLUDING TIRES AND RIMS WHICH WERE ALSO DESTROYED IN THE FIRE AS PROOF OF DAMAGES.
 3. THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE TESTIMONY OF THE DEFENDANT-APPELLEE AS TO THE VALUE AS PROOF OF DAMAGES.
A transcript of the hearing was submitted with the appellate record. However, because a transcript of the proceedings before the Magistrate was not filed with the trial court prior to the ruling of the trial court affirming the Decision of the Magistrate, this court will not consider the transcript in determining whether the trial court abused its discretion in adopting the Magistrate's Decision. See State Ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728. Moreover, since there is no evidence that a transcript was not available, as is required by Civil Rule 53(E)(3)(b) before an affidavit is submitted, we find that the trial court should not have considered the affidavit of Appellant's counsel in reviewing the Magistrate's Findings of Fact, Conclusions of Law and Decision. However, since the trial court permitted the affidavit, we shall review it in making our decision. The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 I, III
Since appellant's first and third assignment of error both concern testimony as to the valuation of appellant's truck, this court shall consider such assignments together. In his first and third assignments of error, appellant contends that the trial court erred in determining damages by failing to consider both his own testimony, as owner of the truck, and appellee's testimony as to the truck's value. According to appellant, the trial court found that appellant failed to meet his burden of proving damages by a preponderance of the evidence because "no expert witnesses appeared to testify relative to value." Appellant is correct in his contention that he was not required to call an expert to place a value on his property since an owner, who is presumed to be familiar with his property from having purchased it or dealt with it, is permitted to testify as to its value. Tokles Son, Inc. v. Midwestern Indemnity Co. (1992), 65 Ohio St.3d 621. The Magistrate agrees that the testimony of an expert is not required in his September 29, 1998, response to objections when he states "[t]his court is aware that it is not necessary to have an expert witness testify; however, in the instant case it would have been most helpful to the court in making a determination of damages." However, the weight to be accorded to the owner's testimony as to value is a matter to be determined by the trier of fact. Smith v. Padgett (1987), 32 Ohio St.3d 344,348, citing Bishop v. East Ohio Gas Co. (1944),143 Ohio St. 541, 546. Contrary to appellant's assertion, there is no evidence that the Magistrate, as trier of fact, did not consider appellant's testimony. Rather, the Magistrate simply weighed the evidence and the credibility of the testimony presented and found that appellant had failed to meet his burden of establishing damages by a preponderance of the evidence. The Magistrate, in his Findings of Fact, specifically found, in part, as follows: "The vehicle was not operating at the time of the fire. . . . Defendant testified the vehicle was rusted through in numerous areas, had 190,000 miles, and was in generally poor condition. Robert Lee Furnow, appeared as a witness for Plaintiff. Mr. Furnow works at Gary's Sunoco and is a certified mechanic. He testified that he has worked on Plaintiff's truck. He further testified that the truck was in fair condition, that the paint was faded, but that it was in good running order the last time he serviced the truck. He refused to give an opinion of value, indicating that he was not a car salesman. It was clear from the evidence, that Plaintiff had serviced his truck on a regular basis; however, there were no major repairs or improvements made to the truck. Jack Beach testified on behalf of the Plaintiff. Mr. Beach owned the truck prior to the Plaintiff. He testified that he purchased the truck for $5,900 and owned it for four years prior to Plaintiff's ownership. Mr. Beach testified that the condition of the vehicle prior to the fire was good and indicated his opinion of value was $6,500, even though he had only paid $5,900 four years prior to the transfer to the Plaintiff. Plaintiff testified that the truck was in good shape prior to the fire, that he had owned it for approximately five years and that his opinion of value was $5,500. Plaintiff produced pictures of the truck prior to the fire; however, the court is not able to ascertain from the pictures, the condition of the truck. There was a considerable amount of conflicting testimony relative to the value of the truck prior to the fire; however, no expert witnesses appeared to testify relative to value."
Furthermore, in his September 29, 1998, response to appellant's objections, the Magistrate stated, in relevant part, as follows: "Plaintiff testified that he owned the truck approximately five years and his opinion of value was $5,500.00 even though nine years prior the truck only had a value of $5,900.00. This testimony was self-serving and not credible. Defendant testified that the trucks value was between $500.00 and $800.00; however, it was obvious he was pulling the figures out of the air." Clearly, the Magistrate found appellant's testimony that the truck,(which had 190,000 miles and was inoperable at the time of the fire and was purchased five years previously for $5,900.00), was worth $5,500.00 lacking in credibility and found appellee's testimony to be speculative. If appellant's testimony was believed, appellant's truck would have depreciated in value only $400.00 during a nine year period. The trial court, therefore, did not fail to consider either appellant's testimony or appellee's testimony regarding the value of appellant's truck. Moreover, based on the lack of credible testimony, even considering the affidavit of appellant's counsel, this court's decision would remain unchanged. Since the trial court's decision was not unreasonable, arbitrary or unconscionable, the trial court did not abuse its discretion in affirming the Magistrate's Decision. Appellant's first and third assignments of error are, therefore, denied.
 II
Appellant, in his remaining assignment of error, asserts that the trial court erred in failing to consider the testimony and documentary evidence regarding automobile parts, including tires and rims, allegedly lost in the fire as proof of damages. Appellant claimed that he had recently installed $1,100.00 worth of tires and rims on the truck and that he recently had purchased $75.95 worth of truck parts from Auto Zone that were in the truck at the time of the fire and were destroyed by the same. There is no evidence, however, that the Magistrate failed to consider appellant's testimony or the documentary evidence regarding the tires, rims and automobile parts. While the Magistrate did not discuss appellant's testimony as to the value of the tires, rims, and truck parts in his original decision, the Magistrate in his September 29, 1998, response to appellant's objections, stated as follows: "Plaintiff testified that he recently put $1,100.00 worth of tires and rims on the truck; however, this would not increase the value of the vehicle for the reason that a vehicle is expected to have tires and rims. Plaintiff further testified that he purchased parts from Auto Zone in the sum of $75.95; however, again, this does not increase the value of the vehicle. Plaintiff had maintained the truck; however, the truck was not restored." Clearly, the Magistrate considered both the documentary evidence and the testimony and found them to be either irrelevant or unpersuasive. While we do not agree with the reasoning of the trial court as to why it found no value for the tires, rims and parts, we agree with the result. "In Ohio, the general rule is that the measure of damages for injury to personal property is the difference in market value of the property immediately before and immediately after the injury. Where the property is totally destroyed, the measure of damages is the reasonable market value of the property immediately before its destruction" Cooper v. Feeney (1986), 34 Ohio App.3d 282,518 N.E.2d 46, page 283. Market value is not replacement value or the cost of the item new. There were no findings of fact in the Decision of the Magistrate that was adopted by the trial court that set out the fair market value of the tires, rims and miscellaneous parts. The trial court, therefore, did not abuse its discretion in affirming the Magistrate's Decision and denying an award of damages to appellant for the automobile tires and parts since such decision was not unreasonable, arbitrary or unconscionable. Appellant's second assignment of error is overruled.
Since the trial court did not abuse its discretion in affirming the Magistrate's Decision, the judgment of the Lancaster Municipal Court is affirmed.
By Edwards, J. Wise, P.J. and Farmer, J. concur