[Cite as *Woods v. Woods*, 2018-Ohio-37.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

KEVIN WOODS                                        :
                                                   :
    *Plaintiff-Appellant*              :    Appellate Case No. 2016-CA-40
                                                   :
v.                                                 :    Trial Court Case No. 2011-DR-24
                                                   :
ALICIA WOODS                                       :    (Domestic Relations Appeal)
                                                   :
    *Defendant-Appellee*              :
                                                   :

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of January, 2018.

. . . . . . . . . . .

BRYAN K. PENICK, Atty. Reg. No. 0071489, MATTHEW J. ERKKINEN, Atty. Reg. No. 0089687, 1900 Kettering Tower, 40 North Main Street, Dayton, Ohio 45423
    Attorneys for Plaintiff-Appellant

THOMAS B. SCOTT, Atty. Reg. No. 0075341, 130 West Second Street, Suite 2103, Dayton, Ohio 45402
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Plaintiff-appellant Kevin Woods appeals from a decision of the Greene County Court of Common Pleas, Division of Domestic Relations, denying his post-divorce request for reimbursement of costs associated with the sale of the marital residence and finding him in contempt for disposing of certain items awarded to defendant-appellee Alicia Woods. He also contests the trial court's decision requiring him to pay $5,000 in order to purge the contempt finding.[1]

**{¶ 2}** We conclude that the trial court did not abuse its discretion with regard to the denial of some of the costs incurred with regard to the sale of the residence. We further conclude that the trial court did not abuse its discretion by finding Mr. Woods in contempt nor in the monetary payment found necessary to purge the contempt finding. Accordingly, the judgment of the trial court is affirmed.

## I. Factual Background and Procedural History

**{¶ 3}** The parties were married in 1993 and divorced in 2012. The Final Decree and Judgment of Divorce provided, in relevant part, that the parties would divide all personal property in accordance with a joint exhibit attached to the decree. It also provided that the parties would sell the marital residence. With regard to the sale, the decree stated:

> Wife will vacate the [marital] property on or before July 15, 2012.

---

[1] We, on November 14, 2017, filed a Decision and Entry sustaining Mr. Woods' motion to substitute Lucy A. Orr, personal representative of Ms. Woods' estate, for Ms. Woods, deceased. The Decision and Entry granted Orr 20 days from November 14 to file a new or amended brief. Orr has not filed a new or amended brief.

Once Wife has vacated the property, Husband will be allowed to re-enter the property, reside at the property, and make necessary repairs and preparations as suggested by the listing agents to the property in order to ready the property for sale.   * * *

The parties will cooperate with the listing agents and heed their advice to get the property in a condition that will bring the best market price.

All decisions relating to the sale of the property, including which repairs will be made and who will make the repairs, if using a contractor, the list price, and final sale price, will be made by Husband and Wife.   In the event the parties do not agree, the Realtor's advice will be followed.   * * *

Any reasonable costs incurred for the preparing [of] the property for sale, keeping the property on the market, and/or making any repairs to the property in order to fetch the best price will be divided equally by the parties.

{¶ 4} Of relevance to this appeal, Ms. Woods, on September 25, 2013, filed a motion to hold Mr. Woods in contempt for failing to return personal property awarded to her by the decree.   In July 2014, Mr. Woods filed a motion for a hearing on the division of the proceeds from the sale of the marital residence.   In the motion, he sought reimbursement for one-half of the expenditures made to repair the home.   A hearing on both motions was conducted on October 7, 2014 and continued on February 24, 2015. The magistrate filed a decision finding Mr. Woods in contempt for disposing of Ms. Woods' personal property.   The magistrate's decision permitted Mr. Woods to purge the contempt finding by reimbursing Ms. Woods the sum of $5,000.   The magistrate denied some of the marital residence repair costs because they were not repairs recommended

by the parties' realtors.

{¶ 5} Mr. Woods filed objections which were overruled by the trial court. He then filed a timely appeal.

## II. Marital Home Repairs

{¶ 6} Mr. Woods' first assignment of error provides as follows:

THE TRIAL COURT ERRED WHEN IT CONCLUDED REQUIRED AND COMMON SENSE MAINTENANCE COSTS WOULD NOT OFFSET APPELLEE'S INTEREST IN THE MARITAL RESIDENCE.

{¶ 7} Mr. Woods contends that the trial court erred by failing to require Ms. Woods to reimburse him for one-half of the cost of all repairs he made to the marital residence.

{¶ 8} A review of the record shows that Mr. Woods toured the marital home with the parties' realtors prior to making any repairs. His Exhibit 3, submitted at the hearing, is a list of repairs recommended by the parties' two realtors. The list was signed by both realtors. Mr. Woods also submitted Exhibit 4 which is a list of repairs he actually made to the marital residence prior to its sale with the list including repairs and improvements not recommended by the realtors. However, Mr. Woods sought reimbursement for the additional items which he claims were incurred for "required and commonsense" repairs and/or improvement costs necessary for the sale of the residence. He testified that he felt the additional repairs and improvements were needed in order to sell the home for the best price. The cost for all repairs and improvements was $31,592.54.

{¶ 9} A trial court has broad discretion when dividing marital property. *Bisker v. Bisker*, 69 Ohio St.3d 608, 609, 635 N.E.2d 308 (1994), citing *Berish v. Berish*, 69 Ohio

St.2d 318, 432 N.E.2d 183 (1982). Thus, absent an abuse of that discretion, a reviewing court will uphold the trial court's division of that property. *Smith v. Smith*, 182 Ohio App.3d 375, 2009-Ohio-2326, 912 N.E.2d 1170, ¶ 16 (2d Dist.). An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "The mere fact that property division is unequal, does not, standing alone, amount to an abuse of discretion." *Shehata v. Shehata*, 2d Dist. Montgomery No. 20612, 2005-Ohio-3659, ¶ 11, citing *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981).

{¶ 10} The magistrate noted that Mr. Woods was bound by the terms of the decree regarding repairs to the house. The decree specifically required the parties to agree to the repairs, or, in the event they could not reach an agreement, defer to the realtors as to what repairs should be made. The magistrate found that only $21,192.28 of the requested $31,592.54 expended by Mr. Woods was for repairs/improvements approved by the realtors.

{¶ 11} After reviewing Mr. Woods' objections to the magistrate's opinion, the trial court noted some additional items it concluded were not part of the realtors' approved list. Mr. Woods objects to these additional findings. However, we find no merit to these objections as the trial court's decision merely made reference to the additional items, it did not, however, alter the valuations made by the magistrate.

{¶ 12} We have reviewed the entire record. We are not unsympathetic to Mr. Woods' argument that since the additional repairs and improvements were made to obtain the home's optimum sale price, with this benefiting both parties, it is appropriate that Ms. Woods share the cost of the repairs and improvements. We conclude, however, that this

argument must fail. First, it is speculative whether the additional repairs increased the home's sale price. Second, Mr. Woods ignored the decree's requirement that in the absence of the parties' agreement the realtors' repair recommendations would be followed.

{¶ 13} We conclude that the trial court's decision denying Mr. Woods reimbursement for one-half of the cost of the extra repairs as set forth in its decision was not an abuse of discretion. The first assignment of error is overruled.

### III. Contempt Finding

{¶ 14} The second assignment of error asserted by Mr. Woods states:

THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT IN CONTEMPT.

{¶ 15} Mr. Woods contends that the evidence does not support the finding of contempt nor the monetary amount the trial court required him to pay in order to purge the contempt finding.

{¶ 16} In *State v. Chavez–Juarez*, 185 Ohio App.3d 189, 2009-Ohio-6130, 923 N.E.2d 670 (2d Dist.), this court discussed contempt:

Contempt is defined in general terms as disobedience of a court order. " 'It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.' " *Denovchek v. Trumbull Cty. Bd. of Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, 1363-1364 (1988), quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of

the syllabus. Contempt proceedings are often classified as sui generis, neither civil nor criminal. *Id.* However, most courts distinguish between civil and criminal contempt proceedings. The distinction is usually based on the purpose to be served by the sanction. *Dan D. Dobbs, Contempt of Court: A Survey* (1971), 56 Cornell L.Rev. 183, 235. * * * Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order. * * * Thus, civil contempts are characterized as violations against the party for whose benefit the order was made * * *.

*Id.,* at ¶ 24–25, citing *State ex rel. Corn v. Russo,* 90 Ohio St.3d 551, 554–555, 740 N.E.2d 265 (2001).

{¶ 17} "A prima facie case of civil contempt is made when the moving party proves both the existence of a court order and the nonmoving party's noncompliance with the terms of that order." *Wolf v. Wolf,* 1st Dist. Hamilton No. C–090587, 2010-Ohio-2762, ¶ 4. Clear and convincing evidence is the standard of proof in civil contempt proceedings. *Flowers v. Flowers,* 10th Dist. Franklin No. 10AP-1176, 2011-Ohio-5972, ¶ 13. We review the trial court's decision concerning whether to find a party in contempt under an abuse-of-discretion standard. *Wolf* at ¶ 4.

{¶ 18} There is no dispute that the decree awarded certain items of personal property to Ms. Woods, and that some of those items were sold or disposed of by Mr. Woods. However, Mr. Woods argues that his actions with regard to the property do not amount to contempt. In support, he claims the decree required Ms. Woods to vacate the residence and take her personal property with her by July 15, 2012. He argues that the

items were abandoned by Ms. Woods when she vacated the marital residence because she left the items in the home and failed to indicate that she wanted to keep the items.

{¶ 19} The record shows that Ms. Woods moved out of the marital residence on July 15, 2012 as required by the decree. Despite Mr. Woods' claim that the decree required Ms. Woods to remove all of her personal property from the home by that date, we find no such language. The record further shows that about one month after Mr. Woods took possession of the home, he held a garage sale at which some of the contested property was sold. Other items appear to have been thrown away. Mr. Woods testified that he "assumed" Ms. Woods did not want the items because she did not take them with her when she left the residence. However, there is no evidence that he attempted to contact her in order to determine whether she intended to claim the property. Further, he did not notify her of his intent to sell and/or otherwise dispose of the property prior to doing so. Ms. Woods testified that she did not intend to abandon the items left behind when she moved out of the residence. She testified that she did not have room for the items in the truck used to move. She further testified that she attempted to get the remaining items the next day, but that Mr. Woods would not permit her to do so.

{¶ 20} "The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve." *Merriman v. Merriman*, 2d Dist. Darke No. 2010-CA-09, 2011-Ohio-128, ¶ 16. Based upon a reading of the decree and a review of the parties' testimony, we cannot say that the trial court's contempt finding constitutes an abuse of discretion as there was evidence upon which the trial court could rely to find that Mr. Woods acted in contravention of the decree. Further, the trial court was free to credit

Ms. Woods' testimony that she attempted to retrieve the remainder of her property and was not permitted to do so.

{¶ 21} We next address Mr. Woods' claim that the trial court abused its discretion by requiring him to reimburse Ms. Woods $5,000 for the loss of the property. He contends that there was no basis in fact for assessing that amount. The items of property at issue are:

Bread maker
Casserole pans
Antique grandfather clock
Color scanner
Leather sectional sofa
Game/side table
Holiday decorations
Craft supplies
Piano
Keyboard
Hand-painted wooden bench
Misting fan

{¶ 22} Ms. Woods testified that she researched the value of the items at issue. Her testimony indicated that while the clock was purchased at an auction for $500, it was an antique valued at $2,500. She further testified that the piano was one that she possessed since she was a young girl, and that it was valued at $2,000. Her testimony established that the remainder of the items had a value of slightly more than $2,000. Mr. Woods testified that the items had no, or little, value. However, there is no evidence that he made any attempt to ascertain a value for them.

{¶ 23} While not conclusive, an owner of personal property is competent to express an opinion of the value of property. *Bishop v. East Ohio Gas Co.*, 143 Ohio St. 541, 546, 56 N.E.2d 164 (1944). Ms. Woods' valuation testimony was subject to cross-examination. Again, the trial court, as the trier of fact, found her testimony competent

and credible and we must defer thereto as we cannot say that her testimony was inherently incredible. Thus, we find no abuse of discretion in the amount ordered to be paid to purge the contempt, which is actually less than the amount articulated by Ms. Woods' during her testimony. The second assignment of error is overruled.

## IV. Conclusion

{¶ 24} Both assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Bryan K. Penick
Matthew J. Erkkinen
Thomas B. Scott
Hon. Steven L. Hurley