THE CINCINNATI & SUBURBAN BELL TELEPHONE CO., APPELLANT,
v. CARTER CONSTRUCTION CO., INC., APPELLEE.

(No. 9780—Decided March 14, 1966.)

*Mr. Bruce F. Lowe,* for appellant.
*Messrs. McIntosh & McIntosh,* for appellee.

*Per Curiam.* Defendant, in the course of repairing a broken water service line under a street, pushed a pipe into and through plaintiff's existing underground facilities and concededly damaged a 600-pair twenty-two gauge cable and a 900-pair guage cable, and the conduit enclosing them. Plaintiff was required to and did immediately make the necessary repairs to restore its facilities to service.

Plaintiff sued in tort for damages in the Municipal Court of Cincinnati, which held it to be a case of nonliability.

On appeal to the Common Pleas Court, defendant was found to be liable in damages, but on the record before it that court limited plaintiff's recovery to nominal damages of $1 only, which is assigned as the error here.

Plaintiff called its accountant who testified that their records were compiled and kept in accordance with standard accounting practices prescribed by the Federal Communications Commission and the Public Utilities Commission of Ohio and, in accordance therewith, allocated plaintiff's cost to repair its damaged facilities to labor in amount of $931.46; material in amount of $82.22; auto and other expenses, set forth in plaintiff's brief to be such as social security costs, relief and pension costs, overhead and other related payments, in amount of $110.79; making a total of $1,124.47, which plaintiff claims as proof of damages in that amount.

No evidence was offered by plaintiff that the allocation of the above expenditures on its books was the reasonable value of such labor, material, auto and other expenses. Defendant objected and took timely exception to all of such evidence, thus distinguishing this case from the earlier case of *Cincinnati & Suburban Bell Telephone Co.* v. *City of Cincinnati*, 84 Ohio App. 521, where, since no objection was made and defendant apparently was willing to accept plaintiff's accounting records as revealing the actual damage if liable, this court permitted the amount shown by the identical method of proof employed here to stand as the measure of damage in that case. However, in dissenting, in part, in that case on other grounds, Matthews, J., said at page 531:

"In addition to deciding the issue of negligence, the court decided the issue of damages and assessed the full amount claimed against the defendant as though the defendant had conceded the amount to be correct. There was no such admission. The jury was under no duty to accept the testimony of the plaintiff's witnesses as to the extent of the damage."

Plaintiff attempted to introduce, through its accountant, as business records under the statute, certain billings grouped as Exhibit No. 5, which were ultimately rejected by the court as it appeared the accountant was without personal knowledge of the facts incorporated therein. This ruling we find to be correct and in accordance with the decision in *Robinson-Lloyds, Ltd.*, v. *Department of Liquor Control*, 91 Ohio App. 521. See, also, *Schmitt* v. *Doehler Die Casting Co.*, 143 Ohio St. 421.

It is stated in 21 Ohio Jurisprudence 2d 588:

"The statute does not generally render competent other-

wise incompetent evidence. Thus, the statute was not intended and does not make competent in evidence records that may be classified as self-serving declarations. * * *''

The court was under no duty to accept the testimony of plaintiff's accountant as to the extent of plaintiff's damages. This is an action in tort for damages to personal property incapable of measurement by the general rule of difference in market value immediately before and after the injury. In 22 American Jurisprudence 2d 213, Section 148, it is stated:

''Where an item of personal property is merely damaged, partially destroyed, or impaired in value, some courts take the view that the reasonable cost or value of repairs is the proper measure of damages. Generally, this measure is applied where the injury is susceptible of repair at reasonable expense, or where the property can be repaired at less expense than the difference in its market value before and after the injury. * * *

''The owner is not entitled to the full cost of the repairs, where they make the property more valuable than it was before the injury. Also, of course, only the cost of those repairs which are attributable to the injury may be considered.''

Since no evidence of actual cost confined to making the repairs nor the reasonableness thereof appear in the record, the court's findings are sustained and the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., LONG and HOYER, JJ., concur.