DECISION AND JUDGMENT ENTRY
{¶ 1} Rebekah Moccabee appeals the judgment of the Ross County Common Pleas Court in favor of Donald R. Werr, regarding damages for the loss of a five and one-half year old refrigerator. On appeal, Moccabee contends that the trial court erred as a matter of law when it established the value of Werr's refrigerator at $857.29 because Werr failed to present any evidence of the refrigerator's fair market value at the time of the loss in March of 2005. Because Werr only established the original price of the used refrigerator and failed to provide any evidence of its market value immediately before his loss, we agree. Accordingly, we vacate this part of the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. *Page 2 {¶ 2} This matter was before the court on a prior occasion. SeeWerr v. Moccabee, Ross App. No. 06CA2944, 2007-Ohio-3987. We found that the order Moccabee appealed was not a final, appealable order. On remand, the trial court addressed all remaining claims. Thus, we now address the merits of Moccabee's appeal.
 {¶ 3} Werr owned real property. He entered into a land contract with Moccabee regarding this same property. Later, a dispute arose and Werr filed a complaint to, inter alia, retake possession of the property. The parties entered into a settlement agreement, which, inter alia, allowed Werr a final walk through of the property to access any damages. Werr discovered a refrigerator that he purchased in October of 1999 was missing. Moccabee apparently admitted that she had the refrigerator hauled away in March of 2005. After Moccabee refused to pay Werr for the refrigerator, Werr filed a motion to enforce the settlement agreement.
 {¶ 4} The magistrate heard evidence of the above dispute and awarded Werr damages for the refrigerator based on its original price. Moccabee objected to the magistrate's decision. The trial court later adopted the magistrate's decision.
 {¶ 5} In its judgment entry, the trial court stated, in part, that Werr "purchased the refrigerator which subsequently was removed after [Moccabee's] occupancy ended in March of 2005. [Werr] paid $857.29 for the refrigerator in [October of] 1999. With no evidence in the record as to the fair market value of this refrigerator at the time of its removal, the replacement cost ($857.29) would be the only evidence of damages. [Moccabee] did leave behind a garbage disposal and dishwasher which she purchased. *Page 3 
However, there was no evidence of any value of these items to use as an offset against the refrigerator." The court then awarded Werr $857.29 in damages for his refrigerator loss.
 {¶ 6} Moccabee appeals this part of the trial court's judgment and asserts the following assignment of error: "THE LOWER COURT ERRED AS A MATTER OF LAW IN AWARDING DAMAGES TO APPELLEE FOR LOSS OF PERSONAL PROPERTY WHEN APPELLEE FAILED TO ADDUCE ANY EVIDENCE AS TO THE PRESENT VALUE OF THE PROPERTY AT THE TIME OF ITS LOSS."
 II. {¶ 7} Moccabee contends that the trial court should have found that Werr failed to prove the fair market value of the refrigerator at the time of his loss. She claims that the fair market value of the refrigerator at the time of purchase in October of 1999 is not its fair market value at the time of loss in March of 2005.
 {¶ 8} We will undertake a de novo review to answer this legal question. See, e.g., Yazdani-Isfehani v. Yazdani-Isfehani,170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 20.
 {¶ 9} "[T]he general rule is that the measure of damages to personal property is the difference between its market value immediately before and immediately after the injury." Falter v. City of Toledo (1959), 169 Ohio St. 238, 239-240 (the personal property was an automobile). (Citation omitted.) The word "immediate" means "[o]ccurring without delay; instant[.]" Black's Law Dictionary (8th Ed.2004) 764. "Fair market value" is "[t]he price that a seller is willing to accept and a buyer is willing to pay *Page 4 
on the open market and in an arm's-length transaction; the point at which supply and demand intersect." Id. at 1587.
 {¶ 10} Here, Werr, as the plaintiff claiming damages, had the burden of proving his damages. He did not offer any evidence to show the market value of the refrigerator "immediately" before his loss. Stated differently, establishing the original market value some five and one-half years before the loss does not meet the definition of the word "immediatlely." Therefore, because Werr failed to provide the court with a market value immediately before his loss, the trial court could not properly determine Werr's damages. Consequently, we find that the trial court erred as a matter of law when it considered the original price as Werr's damages for the used refrigerator.
 {¶ 11} Accordingly, we sustain Moccabee's sole assignment of error; vacate the part of the judgment awarding Werr damages for the loss of the refrigerator. However, because Werr established that Moccabee's conversion of his refrigerator damaged him, we remand this cause to the trial court for another hearing on the issue of the fair market value of the loss. See Mayflower Transit, Inc. v. Commercial Trailer Co. (Sept. 28, 2000), Franklin App. No. 99AP-1058, p. 11 (Remanded for another trial on the issue of the fair market value of the loss when appellees established the "damage" element but failed to prove the amount.).
 JUDGMENT VACATED IN PART, AND CAUSE REMANDED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED, IN PART, and this cause remanded to the trial court for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1