DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Municipal Court judgment that awarded Sheri Downard and her minor child, Zack Downard, plaintiffs below and appellees herein, $13,500 in damages for conversion.
 {¶ 2} Danny Gilliland, defendant below and appellant herein, raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN ISSUING A JUDGMENT FOR $13,500 AGAINST THE APPELLANT IN AN ACTION FOR CONVERSION WHERE THERE WAS ABSOLUTELY NO EVIDENCE *Page 2 
OF THE VALUE OF THE PERSONAL PROPERTY CONVERTED."
 {¶ 3} Appellees and appellant lived together between September 2003 and January 2007. On January 22, 2007, appellant ordered appellees to vacate the residence. Appellant refused to allow appellees to remove their personal property. He subsequently returned to them a few damaged items.
 {¶ 4} Appellees filed a complaint against appellant for refusing to return their personal property. The complaint alleged that the property had a value of $13,500.
 {¶ 5} After a bench trial, the trial court entered a general judgment in appellees' favor for $13,500. Appellant subsequently filed a motion for findings of fact and conclusions of law. The court's findings of fact and conclusions of law noted that the general measure of damages for conversion is the fair market value of the property at the time of conversion. The court also observed that it may award punitive damages when the conversion is willful, wanton, fraudulent, malicious, or prompted by ill motives. The court found that appellees are entitled to $13,500, but the court did not specify how it reached this amount. This appeal followed.
 {¶ 6} In his sole assignment of error, appellant asserts that the trial court's decision to award appellees $13,500 in damages is against the manifest weight of the evidence. Specifically, he argues that appellees failed to present any evidence to support the trial court's finding that they are entitled to $13,500. Appellees, however, contend that their failure to offer evidence regarding the amount of damages is not fatal to their claim.
 {¶ 7} A reviewing court ordinarily will uphold a trial court's damage award if it is not against the manifest weight of the evidence. SeeShemo v. Mayfield Hts. (2000), *Page 3 88 Ohio St.3d 7, 10, 722 N.E.2d 1018; C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. This standard of review is highly deferential and even "some" evidence is sufficient to support a court's judgment and to prevent a reversal. SeeBarkley v. Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989;Willman v. Cole, Adams App. No. 01CA725, 2002-Ohio-3596, ¶ 24.
 {¶ 8} In a conversion action, "the general rule is that the measure of damages to personal property is the difference between its market value immediately before and immediately after the injury." Falter v.Toledo (1959), 169 Ohio St. 238, 239-240, 158 N.E.2d 893. The plaintiff bears the burden of proving damages. See Toledo Edison Co. v.Teply, Erie App. No. E-02-022, 2003-Ohio-1417, at ¶ 30.
 "`Where personal property is without market value, then the law allows the next best evidence to be given to ascertain its value. In such cases, evidence as to cost and other considerations which may affect value or which tend to show its worth, actual, real or intrinsic, is admissible.' [20 American Jurisprudence, 339, Section 372.]
 McCormick on Damages (Hornbook Series), page 170, states the rule as follows: `The rule that the market value is the measure of damages for the wrongful conversion of personal property is subordinate to the fundamental rule that the owner must be fully compensated.'
 The general rule as deduced from the authorities may be stated thus: Market value is the standard which the courts insist on as a measure of direct property loss, where it is available, but that is a standard not a shackle. When market value cannot be feasibly obtained, a more elastic standard is resorted to, sometimes called the standard of value to the owner. This doctrine is a recognition that property may have value to the owner in exceptional circumstances which is the basis of a better standard than what the article would bring in the open market.
 The Ohio rule is stated in 17 Ohio Jurisprudence, 473, Section 379: `It is established in Ohio that the owner of personal property, because of such ownership, has a sufficient knowledge of its value to be qualified to give an opinion thereon which will be some evidence of the actual value, though not conclusive. The rule is especially applicable where *Page 4 
the property may have a peculiar worth to plaintiff.'"
Bishop v. East Ohio Gas Co. (1944), 143 Ohio St. 541, 545-546,56 N.E.2d 164; see, also, Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 625, 605 N.E.2d 936.
 {¶ 9} In Werr v. Moccabee, Ross App. No. 07CA2986, 2008-Ohio-595, the trial court awarded damages based upon the original value of the converted property. On appeal, we observed that the plaintiff did not present any evidence to show the market value of the property immediately before its loss. We thus held that because the plaintiff failed to present evidence as to the property's value immediately before its loss, the trial court could not determine the proper amount of damages. Consequently, we reversed the trial court's damage award and remanded the matter to ascertain the proper measure of damages based upon the market value of the property immediately before its loss.
 {¶ 10} In the case at bar, appellees did not present any evidence at trial to support their claim for $13,500 in damages. Neither appellee offered any testimony as to the market value (or any other value) of the property immediately before its loss. In fact, when counsel questioned Ms. Downard whether she had an opinion as to the value of the property, she stated that she did not. The trial court appears to have reached its damage award based on appellees' allegation in the complaint, but without evidence or testimony to support that allegation. Thus, we find no evidence to support the trial court's decision to award appellees $13,500 as damages for conversion.
 {¶ 11} Accordingly, pursuant to our decision in Werr, we hereby reverse the trial court's judgment and remand the matter for further testimony on the issue of damages.
JUDGMENT REVERSED AND CAUSE *Page 5 
REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the cause remanded for further proceedings. Appellant and appellees shall equally divide the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Harsha, J. McFarland, J.: Concur in Judgment Opinion *Page 1