[Cite as *Outer Space Signs, L.L.C. v. Clagg*, 2013-Ohio-4350.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| OUTER SPACE SIGNS, LLC, | : | Case No. 12CA11 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | <u>DECISION AND</u> |
| v. | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| JANE CLAGG, GUARDIAN OF | : | |
| FLOYD H. HILL, | : | **RELEASED: 09/09/2013** |
| | : | |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

Stanley C. Bender, Portsmouth, Ohio, for appellant.

William S. Cole, Jackson, Ohio, for appellee.
_____

Harsha, J.

{¶1} Outer Space Signs, LLC, (Outer Space) appeals the trial court's judgment awarding damages for destruction of its outdoor billboard by Floyd Hill. Outer Space argues that the trial court erred in its calculation of damages because it is entitled to the replacement cost of the billboard, rather than the market value. To support its argument Outer Space cites cases involving utility poles and claims that like utility poles, the measure of damages to billboards should be the replacement cost because a billboard's reconstruction is regulated by the State of Ohio. However, unlike a utility pole, a billboard has an identifiable market value. Therefore, it is subject to the general rule that when the property is destroyed the measure of damages is the market value immediately before the injury. Moreover, the replacement cost in this case presumably would exceed the market value of the billboard immediately before the injury and thus

create a windfall for Outer Space.  Therefore, we reject Outer Space's argument that the trial court used the wrong measure of damages.

{¶2}    Outer Space also contends that the trial court erred by finding that it paid $2,500 for the billboard and determining the market value to be the original purchase price.  We agree that the trial court erred as a matter of law by considering a prorated purchase price as the market value of the billboard "immediately" before the destruction.  So we vacate that portion of the trial court's judgment.

## I. FACTS

{¶3}    This case involves the destruction of one of Outer Space's outdoor billboards by Floyd Hill.  In 2006, Outer Space purchased four billboards for a total purchase price of $10,000.  One of these billboards was located on property in Jackson, Ohio, along a scenic byway.  At that time, Outer Space leased the portion of land containing the billboard from the property owner in exchange for an annual fee.  Hill subsequently acquired the property subject to the lease and in 2010 he demolished the billboard.

{¶4}    Outer Space filed a complaint alleging intentional tortious damage against Jane Clagg, in her capacity as Hill's guardian.  The matter proceeded to trial where the court found that Hill destroyed the billboard without Outer Space's permission and ordered the parties to submit post-trial briefs addressing the measure of damages.  In the briefs Outer Space argued the measure of damages was the replacement cost of the billboard, but Clagg argued that it was the fair market value of the billboard at the time of destruction.  The trial court awarded Outer Space $2,500 in damages, which it

determined was the original purchase price and market value of the billboard.  Outer

Space now appeals the trial court's judgment.

## II. ASSIGNMENT OF ERROR

**{¶5}**   Outer Space raises one assignment of error for our review:

1. "THE TRIAL COURT ERRED IN ITS CALCULATION OF DAMAGES."

## III. LAW AND ANALYSIS

### A. Measure of Damages

**{¶6}**   In its assignment of error, Outer Space argues that the trial court erred by

determining that the measure of damages was the fair market value of the billboard.

Rather, Outer Space contends that the measure of damages in this case is the

replacement cost of the billboard, less any accrued depreciation.

**{¶7}**   The adoption of the appropriate measure of damages presents a legal

question which we review de novo.  *Werr v. Moccabee*, 4th Dist. Ross No. 07CA2986,

2008-Ohio-595, ¶ 8.  The general rule is that the measure of damages to personal

property is the difference between its market value immediately before and immediately

after the injury.  *Id.* at ¶ 9, citing *Falter v. City of Toledo*, 169 Ohio St. 238, 239-240, 158

N.E.2d 893 (1959).  Where the personal property is totally destroyed, the measure of

damages is the reasonable market value of the personal property immediately before its

destruction.  *Ramey v. Collins*, 4th Dist. Scioto No. 99CA2665, 2000 WL 776932, *2

(June 5, 2000).  "'Fair market value' is '[t]he price that a seller is willing to accept and a

buyer is willing to pay on the open market and in an arm's-length transaction; the point

at which supply and demand intersect.'"  *Werr* at ¶ 9, quoting Black's Law Dictionary

(8th Ed.2004) 1587.

{¶8}   Under appropriate circumstances, "the damages to personal property may be established by showing the reasonable cost of repairs necessary to restore it to its former condition."  30 Ohio Jur.3d Damages, Section 59 (2013).  *See also Allstate Ins. Co. v. Reep*, 7 Ohio App.3d 90, 91, 454 N.E.2d 580 (10th Dist.1982).

> In other words, evidence as to the cost of repairs is only competent as tending to prove the difference in value before and after the injury; the argument is that in some cases property, after being thoroughly repaired, may be less valuable or may be more valuable than before it suffered damage, showing that the reasonable value of the repairs may not indicate the actual damage.  Accordingly, this rule as to the cost of repairs is subject to the limitation, first, that the cost of repairs must be less than the diminution in market value due to the injury, and secondly, that the repairs must never exceed the value of the property itself as it was before the injury.  This limitation is based upon the idea that the owner of the property damaged should not benefit by the loss.  30 Ohio Jur.3d Damages, Section 59 (2013).

{¶9}   To support its argument for the measure of damages, Outer Space cites *Ohio Power Co. v. Huff*, 12 Ohio Misc. 214, 231 N.E.2d 897 (M.C.1967), and claims that like utility poles, a billboard's measure of damages should be the replacement cost because a billboard's reconstruction is regulated by the State of Ohio.

{¶10}   In *Huff*, the court held that the proper measure of damages for destruction of a utility pole was "the total cost of replacement of the pole and facilities attached thereto, less accrued depreciation of the damaged or destroyed pole."  *Id.* at 224.  However, the court's decision was not based on the fact of State regulation.  Rather, implicit in that holding was the fact that the utility pole did not have an identifiable market value and that the measure of damages was therefore determined by the replacement cost of the pole, less any depreciation.  *Id.* at 219-222.  *See also Ohio Power Co. v. Johnston*, 18 Ohio Misc. 55, 57, 247 N.E.2d 338 (C.P.1968) (holding measure of damages to a utility pole is the cost of repair because the pole "is not an

item generally bought and sold on the open market" and "the concept of 'market value' is virtually impossible to apply"); *Cincinnati & Suburban Bell Tel. Co. v. Carter Const. Co.*, 6 Ohio App.2d 170, 172, 216 N.E.2d 885 (1st Dist.1966) (holding damages to telephone company's underground cable and conduit were "incapable of measurement by the general rule of difference in market value immediately before and after the injury").

**{¶11}** We conclude the rationale in *Huff* and other cases involving damage to utility property is not applicable to the present case. Unlike a utility pole, a billboard is bought and sold on the open market and has an identifiable market value.[1] In addition, the trial court found that the replacement cost of the billboard was $40,375.84, which would presumably exceed the value of the property before injury. For these reasons we reject Outer Space's argument that the replacement cost is the proper measure of damages.

### B. Fair Market Value

**{¶12}** Outer Space also argues that the trial court erred by finding that it paid $2,500 for the billboard and basing the market value on this price. We agree.

**{¶13}** As noted, because Hill totally destroyed the billboard, the correct measure of damages is the reasonable market value of the property immediately before the injury. *Ramey*, 4th Dist. Scioto No. 99CA2665, 2000 WL 776932, at *2. "The word 'immediate' means '[o]ccurring without delay; instant[.]'" *Werr*, 4th Dist. Ross No. 07CA2986, 2008-Ohio-595, at ¶ 9, quoting Black's Law Dictionary (8th Ed.2004) 764. So the value at the time of purchase may not reflect the value at destruction.

---

[1] That value is subject to change over time and market conditions. What was costly yesterday may be a bargain tomorrow. The reciprocal is also true.

**{¶14}** In its order, the trial court found that Outer Space "purchased the billboard from another party along with three other billboards for $10,000.00," and then divided the total purchase price by four to establish the market value and awarded Outer Space $2,500 in damages. This was erroneous because there is no basis in the record for assessing a pro rata apportionment as the individual value for each billboard. Certain factors such as location, condition, and traffic flow could affect individual values. In fact Jeffery Baughman, the owner of Outer Space, testified at a deposition that "a scenic byway sign is a lot more valuable than a regular billboard," because billboards can no longer be erected on scenic byways. Moreover, a purchase that occurred years before Hill's tortious conduct does not establish the reasonable market value of the sign immediately before its destruction some years later. In fact Baughman also testified that he bought the four billboards at a "bargain" from the owner who was "leaving town * * * and had to get rid of the signs." Thus the trial court erred when it calculated damages by using the original purchase price as the market value of the billboard.

**{¶15}** Accordingly, we sustain Outer Space's assignment of error in part and vacate the portion of trial court's judgment awarding it damages for the loss of its billboard. We remand this cause for another hearing on the issue of the fair market value of the loss. *See Werr* at ¶ 11, and *Downard*, 4th Dist. Jackson No. 07CA11, 2008-Ohio-3155, at ¶ 9-11.

JUDGMENT AFFIRMED IN PART
AND REVERSED IN PART.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED.  Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
        William H. Harsha, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**