OPINION
{¶ 1} Defendant-Appellant, Daniel Shaw, appeals a judgment of the Clark County Common Pleas Court finding him guilty of aggravated vehicular homicide, and sentencing him to three years in prison. Shaw asserts that his sentencing was in contravention of the principles enunciated in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and that his counsel was ineffective at his sentencing. Finding that portions of the Ohio sentencing law have been determined to be unconstitutional, we vacate the sentence imposed, and remand for resentencing.
 {¶ 2} Shaw was indicted by the Clark County Grand Jury for one count of aggravated vehicular homicide, R.C. 2903.06(A)(2), a felony of the third degree, stemming from a motor vehicle collision that occurred on April 6, 2004, resulting in the death of Donald L. Miller. After initially entering a plea of not guilty, Shaw changed his plea and entered a guilty plea to the charge on October 26, 2004. Thereafter, the trial court sentenced Shaw to three years in prison, a five-year license suspension, and ordered restitution in the amount of $31,281.93. After early judicial release was denied by the trial court, Shaw filed a motion for delayed appeal, which was granted with counsel being appointed for him.
 {¶ 3} Prior to the appointment of appellate counsel, Shaw filed a pro-se brief setting forth two assignments of error. Thereafter, appointed counsel filed a brief on behalf of Shaw, setting forth essentially the same assignments of error. For that reason, the assignments of error will be addressed jointly.
 First Assignment of Error — Counsel {¶ 4} "THE TRIAL COURT ERRED BY CONTRAVENING BLAKELY v.WASHINGTON (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403
WHEN MAKING ITS SENTENCING DETERMINATION THAT THE SHORTEST PRISON TERM WOULD DEMEAN THE SERIOUSNESS OF HIS CRIME."
 Second Assignment of Error — Pro Se {¶ 5} "THE COURT ERRED IN IMPOSING A NON-MINIMUM SENTENCE FOR A FIRST TIME OFFENDER AND DID NOT COMPLY WITH THE STATUTORY REQUIREMENT REGARDING THE REASONS AND FINDINGS TO BE SUBMITTED TO A JURY OR ADMITTED BY THE DEFENDANT AND PLACED ON THE RECORD BY ADMITTANCE (sic)."
 {¶ 6} We must sustain these assignments of error regarding the Ohio sentencing statutes and we must vacate and remand the case for a new sentencing hearing in light of The Supreme Court of Ohio's recent decision in State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The Foster court, following Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.E.2d 435, and Blakely, supra, held that R.C.2929.14(B), which requires judicial fact-finding before imposing more than a minimum sentence, is unconstitutional. Foster at ¶ 81.
 {¶ 7} In Foster, the court severed and excised the fact-finding provisions of R.C. 2929.14(B) previously required to impose more than a minimum sentence upon the offender. Foster,109 Ohio St.3d 1, at paragraph two of the syllabus.
 {¶ 8} Shaw is entitled to a new sentencing hearing because his original sentence is void in light of Foster. At the resentencing, the trial court has full discretion to impose sentences within the statutory range, and is no longer required to make findings or give reasons for imposing more than the minimum. At this new sentencing hearing, the trial court shall consider the record, any information presented at the hearing, any presentence investigation report, and any victim impact statement. It is presumed that this sentencing hearing is de novo; however the parties may stipulate to the existing record and waive the taking of additional evidence. State v. Mathis
(2006), 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 37. Furthermore, while the defendant may argue for a reduction in his sentence, nothing prevents the state from seeking greater penalties. Foster at ¶ 105, quoting United States v.DiFrancesco (1980), 449 U.S. 117, 134-136, 101 S.Ct. 426,66 L.Ed.2d 328.
 Second Assignment of Error — Counsel {¶ 9} "TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE TRIAL COURT'S PROCEDURE FOR ENHANCING APPELLANT'S SENTENCE BEYOND THE MINIMUM."
 First Assignment of Error — Pro Se {¶ 10} "TRIAL COUNSEL'S DEFICIENT REPRESENTATION SUBSTANTIALLY PREJUDICE (sic) DEFENDANT'S RIGHT TO DUE PROCESS OF LAW, EQUAL PROTECTION OF LAW AND RIGHT TO A FAIR TRIAL RESULTING IN THE MANIFEST MISCARRIAGE OF JUSTICE WHICH IS CONTRARY TO LAW."
 {¶ 11} Our disposition of the prior Assignments of Error renders moot these Assignments of Error, which assert ineffective assistance of trial counsel at sentencing.
 {¶ 12} For the foregoing reasons, the judgment of sentence of the Clark County Common Pleas Court is vacated and this cause is remanded to the trial court for resentencing in accordance with the law and consistent with this opinion.
 . . . . . . . . .
Brogan, J. and Fain, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).