OPINION
{¶ 1} Robert R. Logsdon appeals from his conviction and sentence in Clark County Common Pleas Court on one count of involuntary manslaughter and one count of tampering with evidence.
 {¶ 2} In his two assignments of error, Logsdon contends the trial court erred by imposing more than the statutory minimum sentences and by ordering his sentences to be served consecutive to the sentence he received in a companion case.[1]
 {¶ 3} Logsdon's only argument on appeal is that the trial court's imposition of more-than-minimum and consecutive sentences violatesState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, because the trial court itself made certain statutorily required findings of fact to support the sentences.[2]
 {¶ 4} "Foster established a bright-line rule that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e., more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance withFoster, if the sentence is a subject of the appeal." State v. Boyd, Montgomery App. No. 21372, 2006-Ohio-6299, ¶ 28.
 {¶ 5} The State concedes that Foster applies here and that Logsdon was sentenced in violation of the rule articulated in that case. We agree. Accordingly, we sustain Logsdon's assignments of error, reverse the trial court's judgment, and remand the cause for resentencing consistent with Foster.
BROGAN, J., and WOLFF, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] The record reflects that on April 28, 2005, the trial court sentenced Logsdon on the convictions for involuntary manslaughter and tampering with evidence in case number 05-CR-0283. During the same hearing, the trial court sentenced him on a related receiving stolen property conviction in case number 03-CR-1042. Both cases involved the same criminal episode, and the trial court ordered each of the sentences to be served consecutively.
[2] In addition to the appellate brief filed by Logsdon's court-appointed counsel, we note that Logsdon filed his own pro se brief raising essentially the same Foster issues. Because Logsdon is represented by counsel, however, we will not specifically address his pro se brief. State v. Shaw, Clark App. No. 2005-CA-115, 2006-Ohio-5587, ¶ 3.